O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10/13/ JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 09-5501 PSG (FFMx) | Date | November 4, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC *et al.* v. ConocoPhillips Co. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):　　　　Attorneys Present for Defendant(s):

　　　　Not Present　　　　　　　　　　　　　　Not Present

**Proceedings:** **(In Chambers) Order Granting Plaintiff's Motion for Remand**

　　Before the Court is Plaintiff's Motion for Remand and request for attorneys' fees and costs. After considering the moving and opposing papers, the Court hereby GRANTS the motion and DENIES the request for attorneys' fees and costs.

I.　　Background

　　On February 15, 2008, Plaintiff United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC ("USW") and Representative Plaintiffs David Simmons, Raudel Covarrubias, and Stephen Swader ("Representative Plaintiffs") (collectively, "Plaintiffs") filed a class action lawsuit in Los Angeles Superior Court against ConocoPhillips Co. ("Defendant"). Plaintiffs claim that Defendant failed to provide class members with meal periods as required by California law. On March 27, 2009, Defendant timely removed the action to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). CAFA was the only jurisdictional basis for removal because Plaintiffs' claims did not arise under federal law and the parties were not completely diverse.

　　On March 16, 2009, the Court denied Plaintiffs' motion for class certification without prejudice. On June 11, 2009, the Court denied Plaintiffs' renewed motion for class certification and remanded the case. The Court lacked subject matter jurisdiction under CAFA absent a "reasonably foreseeable possibility" of a certifiable class. Defendant appealed the remand order,

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#10/13/ JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5501 PSG (FFMx) | Date | November 4, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC *et al.* v. ConocoPhillips Co. | | |

and Plaintiffs appealed the denial of class certification. On September 30, 2009, the Ninth Circuit consolidated the petitions for appeal.

With the case pending before the Ninth Circuit, Plaintiffs filed Case Management Statements in the state court action. USW filed its Case Management Statement on July 20, 2009, noting that "Plaintiffs seek *class-wide* relief under California law [including] statutory restitution of wages, penalties, injunctive relief for *class members*, and attorneys' fees and costs." *Bollinger Decl.*, Ex. B, at 8 (emphasis added). On July 22, 2009, Representative Plaintiffs filed their Case Management Statement, and characterized the case as "a *class action* on behalf of approximately 600 hourly Lab Technicians and Operators employed at Defendant's California refinery operations." *Id.*, Ex. C, at 14 (emphasis added). Representative Plaintiffs state that they "seek *class-wide* relief under California law [including] statutory restitution of wages, penalties, injunctive relief for *class members*, and attorneys' fees and costs." *Id.* (emphasis added). Plaintiffs' Case Management Statements also indicate that they will pursue class certification in state court. *See id.*, Ex. B, at 10; *id.*, Ex. C, at 15.

Because these Case Management Statements characterize the case as a class action, Defendant again removed the case to federal court, alleging subject matter jurisdiction on the basis of CAFA. *See Notice of Removal*, ¶¶ 9, 10. The case was initially assigned to Judge Margaret M. Morrow, before being transferred to this Court. USW now moves to remand the case.[1]

II.     Legal Standard

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Abrego Abrego v. Dow Chem. Col.*, 443 F.3d 676, 679-80 (9th Cir. 2006). If at any time before entry of a final judgment it appears that a federal court lacks subject matter jurisdiction over a case, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87, 111 S. Ct. 1700, 114 L. Ed. 2d 134 (1991). There is a strong presumption against

---

[1] Representative Plaintiffs filed a Notice of Joinder in the motion on August 25, 2009. *See* Dkt. #13.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#10/13/ JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5501 PSG (FFMx) | Date | November 4, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC *et al.* v. ConocoPhillips Co. | | |

removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

III.    Discussion

USW moves to remand the case, arguing that Plaintiffs' Case Management Statements do not constitute sufficient grounds for removal under 28 U.S.C. § 1446(b). USW also claims that Defendant impermissibly attempted to have another district court judge review this Court's earlier remand order. *See Mot.* 1:16-18. Additionally, USW requests attorneys' fees and costs pursuant to the removal statute. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

    A.    Grounds for Removal

USW argues that Plaintiffs' Case Management Statements do not provide sufficient grounds for removal. *See Reply* 2:24-28. In opposition, Defendant contends that the Case Management Statements are new pleadings giving rise to a right to remove under § 1446(b). *See Opp.* 8:4-7. Following remand, subsequent removal attempts are permitted in limited circumstances. *See* 28 U.S.C. § 1446(b). If a case was previously remanded, the defendant can attempt a subsequent removal upon receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* Courts interpret the statute's reference to "other paper" broadly. *See* Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial §§ 2:914-20 (The Rutter Group 2009).

In order to remove a previously non-removable case under § 1446(b), the defendant must present a new pleading or a new fact that establishes federal subject matter jurisdiction. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (noting that "section 1446(b) allows [the defendant] to file successive removals based on [a] different factual basis"); *see also Benson v. SI Holding Sys., Inc.*, 188 F.3d 780, 782-83 (7th Cir. 1999) ("[The text of § 1446(b)] implies that an unsuccessful earlier attempt to remove is not dispositive. A premature removal may lead to a perfectly justified remand; but *when matters change*—for example, by dismissal of a party whose presence spoiled complete diversity of citizenship, or by a disclosure that the stakes exceed the jurisdictional amount—the case may be removed . . . ." (emphasis

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#10/13/ JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5501 PSG (FFMx) | Date | November 4, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC *et al.* v. ConocoPhillips Co. | | |

added)); *Thomas v. Bank of Am. Corp.*, 570 F.3d 1280, 1283 (11th Cir. 2009) ("A case does not become removable as a CAFA case until a document is 'received by the defendant from the plaintiff—be it the initial complaint or a later received paper . . . [that] unambiguously establish[es] federal jurisdiction." (alteration in original)); *One Sylvan Road N. Assocs. v. Lark Int'l, Ltd.*, 889 F. Supp. 60, 62 (D. Conn. 1995) ("[T]he fact that a case was initially removed and remanded does not in and of itself preclude removal a second time around. A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a *new and different ground for removal*." (emphasis added)).

Defendant has failed to present a new and different ground for removal that was unavailable when the Court remanded the case nearly four months ago. The Case Management Statements characterize Plaintiffs' case as a class action and indicate their intent to move for class certification in state court. Although the Case Management Statements are new documents, Plaintiffs' opinion as to its class status and their intent to try to pursue class claims are not new facts or events. The reports merely present an old opinion stated again. Furthermore, Plaintiffs' disclosed intent to file a motion for class certification in state court is not an adequate basis for removal. *See Desmond v. BankAmerica Corp.*, 120 F. Supp. 1201, 1204 (N.D. Cal. 2000) ("In their notice of removal [under § 1446(b)], defendants cite plaintiffs' 'intent to amend a complaint' as a jurisdiction-triggering event. But no motion to amend has been filed, much less an amended complaint.").

Unlike the cases cited by Defendant in its opposition, the Case Management Statements do not reveal any new facts triggering a right to removal. *See S.W.S. Erectors, Inc.*, 72 F.3d at 492-93 (a deposition revealed a new factual basis for removal); *Benson*, 188 F.3d at 783 (a post-remand concession revealed an amount in controversy that satisfied the jurisdictional minimum); *Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1093-94 (C.D. Cal. 2005) (new evidence revealed a sufficient amount in controversy); *Sweet v. United Parcel Serv., Inc.*, No. 09-2653, 2009 WL 1664644, at *3 (C.D. Cal. June 15, 2009) (new information about a party's residency established diversity); *Transitional Hosps. Corp. of La., Inc. v. La. Health Serv. & Indem. Co.*, No. 05-2221, 2005 WL 2037553, at *2 (E.D. La. Aug. 16, 2005 (new facts pleaded in a state court motion warranted removal); *Green v. R.J. Reynolds Tobacco Co.*, No. 99-2579, 2000 WL 33993335, at

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#10/13/ JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-5501 PSG (FFMx) | Date | November 4, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC *et al.* v. ConocoPhillips Co. | | |

*9 (S.D. Tex. Aug. 17, 2000) (new facts permitted second remand attempt).[2]

    Even assuming the Case Management Statements reveal a new fact or event, Defendant has failed to prove that the Case Management Statements give this Court subject matter jurisdiction over the case.  The Court previously denied two motions for class certification, finding no "reasonably foreseeable probability" that Plaintiffs would be able to define a certifiable class.  That Plaintiffs continue to characterize their case as a class action and intend to pursue class certification do not necessarily establish subject matter jurisdiction.[3]  *See Thomas*, 570 F.3d at 1283 ("A case does not become removable as a CAFA case until a document is 'received by the defendant from the plaintiff [that] unambiguously establish[es] federal jurisdiction." (alteration in original)).  For these reasons, Defendant has failed to satisfy the requirements of § 1446(b), warranting remand of this case for a second time.

    B.    <u>Request for Attorneys' Fees and Costs</u>

    In its motion for remand, USW requests an award of attorneys' fees and costs incurred in litigating the motion.  According to 28 U.S.C. § 1447(c), a remand order "*may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added).  Section 1447(c) is not an automatic fee-shifting provision, requiring payment in every case upon remand.  *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005) ("If fee shifting were automatic, defendants might choose to exercise this right [to remove] only in cases where the right to remove was obvious.").  A fee request under § 1447(c) will be granted only upon proof that the defendant lacked an "objectively reasonable" basis for removal under the circumstances. *See id.* at 141 ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied.").  There is no presumption in favor of granting fees upon remand.  *See Martin*, 546 U.S. at 139 (noting that "an

---

    [2] These parenthetical explanations track Defendant's own descriptions of the cases, underscoring Defendant's awareness of the need to present a factual change to warrant removal. *See Opp.* 6:22-7:12.

    [3] Class certification in the state action, however, would provide sufficient grounds for removal under CAFA.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#10/13/ JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5501 PSG (FFMx) | Date | November 4, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC *et al.* v. ConocoPhillips Co. | | |

award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales").

     USW requests fees and costs because the Case Management Statements do not give the Court subject matter jurisdiction over the case. On this point, USW is correct. However, the mere fact that a motion for remand is granted does not necessarily entitle the plaintiff to fees. In this case, Defendant's second removal attempt was not objectively unreasonable. Defendant received "papers" filed in state court indicating that Plaintiffs are still pursuing a class action. The Case Management Statements qualify as "other paper" under § 1446(b). *See* Schwarzer *et al.*, *supra*, § 2:915 ("Most courts view the 'other paper' language expansively so that the 30-day removal period is triggered even by 'papers' not filed in the case."). As discussed previously, however, these papers did not disclose any new facts or a basis for subject matter jurisdiction. Because Defendant received new papers suggesting that the case falls under CAFA—even though it does not—Defendant's second removal attempt was objectively reasonable.[4]

     It should also be noted that the Court does not find sufficient evidence that Defendant acted in bad faith. Though improper purpose is admittedly no longer required to award fees under § 1447(c), *see Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992), the record does not indicate that Defendant sought to have a different district court judge review this Court's prior remand order, *see Mot.* 1:16-18. Defendant allegedly attempted to stipulate to remove back to this Court, but Plaintiffs apparently refused. *See Bollinger Decl.*, Ex. D, at 18

---

[4] Defendant's removal was also objectively reasonable in light of the split of authority concerning the jurisdictional effect of a denial of class certification. *See Good v. Ameriprise Fin., Inc.*, 248 F.R.D. 560, 574 (D. Minn. 2008). *Compare, Genenbacher v. CenturyTel Fiber Co. II, LLC*, 500 F. Supp. 2d 1014, 1017 (C.D. Ill. 2007) (retaining jurisdiction following denial of class certification); *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F. Supp. 2d 1312, 1319 (M.D. Fla. 2008) (citing general rule that post-removal events do not divest federal court of jurisdiction), *with Falcon v. Philips Elecs. N. Am. Corp.*, 489 F. Supp. 2d 367 (S.D.N.Y. 2007) (dismissing case for lack of jurisdiction after proposed class representative was deemed inadequate); *Arabian v. Sony Elecs. Inc.*, No. 05-1741, 2007 WL 2701340, at *3 (S.D. Cal. Sept. 13, 2007) (finding no jurisdiction when there is no "reasonably foreseeable possibility" that class will be certified). As the Court noted in its prior remand order, the Ninth Circuit has never decided the issue, and the Court adopted the "reasonably foreseeable possibility" test as the most reasonable among the alternatives.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#10/13/ JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5501 PSG (FFMx) | Date | November 4, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC *et al.* v. ConocoPhillips Co. | | |

(containing an e-mail sent before removal in which defense counsel notes, "Indeed, I asked you during our call if you would stipulate to having the case returned to Judge Gutierrez and you refused. That having been said, as I advised you, we did not remove in order to have one Judge second guess another."). Furthermore, Defendant identified the prior removal action as a related case, as required by the local rules. *See* Dkt. #3; L.R. 83-1.3. For these reasons, the Court DENIES USW's request for attorneys' fees and costs pursuant to § 1447(c).

IV.     Conclusion

    Based on the foregoing, the Court (1) GRANTS Plaintiff's Motion for Remand and (2) DENIES Plaintiff's request for attorneys' fees and costs.

    **IT IS SO ORDERED.**